have the record amended, I should not think it ought to be amended; and that he might then bring a new scire facias upon the amended record. But upon this last point the court has not made up an opinion.

## Case No. 1,018.

### BARNES v. LEE.

[1 Cranch, C. C. 471.] [1]

Circuit Court, District of Columbia. Nov. Term, 1807.

RECORDS—AMENDMENT.

A clerical error in the record may be amended after the term.

[At law. Action by John Barnes against David Easton. A writ of scire facias against E. J. Lee, as special bail for Easton, was adjudged defective. Barnes v. Lee, Case No. 1,017. Heard on Lee's motion to quash the writ. Granted. Also, heard on plaintiff's motion for leave to amend the record. Granted.]

·After THE COURT had given an opinion on the law, upon the issue of nul tiel record, [Barnes v. Lee, Case No. 1,017,] but before the judgment thereon was entered on the minutes,—

Mr. Jones, for the plaintiff, moved to quash the scire facias, which THE COURT granted, on payment of all costs. Mr. Jones then moved the court to direct the clerk to amend the record by the minute-book. On certiorari upon suggestion of diminution, the court below will order a clerical mistake to be corrected.

Mr. E. J. Lee, contra. Errors in the office can only be corrected at the next succeeding term. The court cannot correct even a clerical error after the term. The minutes of the district court of Virginia, are full and complete records at length.

Mr. Jones, in reply. This is a misprision of the clerk. The record is not made up during the term. The clerks make them up in vacation from the minutes, hence the minutes are directed by law to be made up. Laws Va. Dec. 12, 1792, § 46, p. 81; Id. § 28, p. 78; Laws Va. Dec. 3, 1792, § 35, p. 89; Norton's Case, Style, 110; Lovell v. Natchford, Id. 120; Frazier v. Crosbie. [Gordon v. Frazier,] 2 Wash. (Va.) 130; Poynes v. Francis, Style, 191; Saunderson v. Raisin, Id. 207; Dawkes v. Payton, Id. 218, 219; Pinder v. Dawkes, Id. 232; Freind v. Baker, Id. 339; Kitchinman's Case, Id. 374; Barker v. Elmer, Id. 412.

Mr. E. J. Lee. The minute-book, in this case, does not describe the form of the recognizance, so that there is nothing to amend by.

THE COURT gave leave to amend.

BARNES v. MILWAUKEE & ST. P. R. CO. See Case No. 1,016.

[1] [Reported by Hon. William Cranch, Chief Judge.]

BARNES, (PHILADELPHIA & R. R. CO. v.) See Case No. 11,087.

## Case No. 1,019.

### BARNES v. RETTEW.

[28 Leg. Int. 124; [1] 8 Phila. 133.]

Circuit Court, E. D. Pennsylvania. April 14, 1871.

ACT OF BANKRUPTCY — ASSIGNMENT FOR BENEFIT OF CREDITORS — FRAUD — CONSTRUCTIVE AND ACTUAL.

1. A debtor's assignment of all his estate, in trust for distribution among all his creditors equally, tends necessarily "to defeat or delay the operation" of the bankrupt law [of March 2, 1867; 14 Stat. p. 517. c. 176,] and, therefore, if executed after this law (on 1st June, 1867,) went into practical operation, and within the prescribed limit of six months before the commencement of proceedings against him under the 39th section, is an act of bankruptcy.

[See Ex parte Burt, Case No. 2,210; Ex parte Breneman, Id. 1,830; In re Croft, Id. 3,404; Globe Ins. Co. v. Cleveland Ins. Co., Id. 5,486; In re Frisbee, Id. 5,129; Jones v. Sleeper, Id. 7,496; Hutchins v. Taylor, Id. 6,953; In re Mendelsohn, Id. 9,420.]

[Contra, Ex parte Kintzing; Id. 7,833; Smith v. Teutonia Ins. Co., Id. 13,115.]

2. The assignment, though constructively fraudulent with such relation to the bankrupt law, is, in the absence of actual fraud, not void, but voidable, and not voidable otherwise than at the suit of the assignee in bankruptcy.

In equity under the auxiliary jurisdiction conferred by the bankrupt law. The bill, at the suit of the assignee in bankruptcy, of partners who had, within six months before the commencement of the proceedings, made a voluntary assignment to the defendant of all their estate in trust for the equal benefit of all their creditors, prayed an injunction, &c., and a final decree setting aside the assignment. On a motion for an injunction, &c., before answer, the case was heard interlocutorily, upon affidavits, before the district judge holding the circuit court. It was contended, first, that the assignment, being in itself an act of bankruptcy, was, on its face, notice to the party receiving it of its tendency to defeat or delay the operation of the bankrupt law; secondly, that the assignment was tainted with actual fraud, having been executed without consulting creditors, though there had been a previous meeting of them,— and the voluntary assignee having precipitately advertised the whole available effects for sale at auction, without notice to creditors who were proceeding adversarily in bankruptcy.

On the other side, it was urged that the sale advertised would have been a fair and advantageous one, that it had been suspended so soon as any objection to it was known, and that a great number of the creditors had, in writing, approved of the voluntary assignment since its execution. The judge said that the minority of the creditors, or a single dissenting creditor, had rights of which

[1] [Reprinted by permission.]